# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2022

Lyle W. Cayce
Clerk

No. 20-40182

Adan Valdez, Individually and On Behalf of All Others
Similarly Situated; Armando Crespo; Joshua Merril;
Karlos Villarreal; Omar Rodriguez; Et al,

*Plaintiffs—Appellants*,

*versus*

Superior Energy Services, Incorporated, doing business
as SPC Rentals; Warrior Energy Services Corporation,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CV-144

Before Jones, Costa, and Duncan, *Circuit Judges*.

Per Curiam:*

Valdez and the other plaintiffs in this collective action appeal the district court order dismissing their overtime-pay lawsuit without approving the portion of their settlement agreement relating to attorney's fees. We hold

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40182

that the district court acted within its discretion in dismissing what remained of the lawsuit after Valdez repeatedly failed to comply with its order to file a motion for attorney's fees.  The judgment is AFFIRMED.

## I.

In early 2015, Valdez and sixty-five other oil-well workers sued their employer, Superior Energy Services, for overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.  The workers alleged that Superior Energy Services misclassified them as supervisors and, as a result, erroneously withheld overtime compensation.  The parties stipulated to conditionally certify the case as an opt-in collective action under the FLSA.

Before formal discovery began, the parties repeatedly met to mediate their claims.  Because Superior Energy did not keep adequate records, the primary dispute between the parties concerned the number of hours each plaintiff worked during the relevant period.  Superior Energy reached its estimate by logging the number of hours worked after the plaintiffs filed suit and then extrapolating backward using those numbers.  Contending that they all worked much longer hours during the relevant market boom period, Valdez and the other plaintiffs disputed Superior Energy's methodology.  The plaintiffs based their estimate of hours on affidavit testimony.  Eventually, the parties reached a settlement agreement that represented a compromise between the two estimates.

Under the settlement agreement, Superior Energy agreed to pay approximately $1.5 million to the sixty-six workers (an average of $22,299 per worker, net of attorney fees) and a separate sum of about $1 million in attorney's fees and costs.  The separately payable attorney's fees portion of the settlement would satisfy the plaintiffs' contingency fee agreement.

After reaching the agreement, Valdez requested that the district court allow the parties to dismiss the case without obtaining court approval of the

2

settlement in accordance with *Martin v. Spring Break 83' Productions, L.L.C.*, 688 F.3d 247 (5th Cir. 2012). Superior Energy did not oppose Valdez's request. Ultimately, the district court rejected the parties' shared position that settlement could be finalized without court supervision. The parties submitted the settlement for court approval only after seeking to extend the deadline for submission five times. In November 2019, the district court approved the plaintiff's payments under the proposed settlement agreement as a "fair and reasonable settlement" involving a "dispute over facts."[1] The district court did not, however, approve the attorney's fees portion of the settlement. Instead, the court ordered that Valdez's attorney file a separate Rule 54(d) motion "demonstrating the reasonableness" of the agreed-to attorney's fees, which the court had already instructed him to do on at least two occasions.

Under Federal Rule of Civil Procedure 54(d)(2)(B)(i), Valdez had fourteen days to comply with the court's order. On the fourteenth day, Valdez's attorney filed a motion seeking to push the deadline back twelve days. The district court obliged. On the day of the new deadline, Valdez's attorney again requested an additional four days to file the motion for attorney's fees. The district court again obliged and noted that "[f]ailure to file a motion for attorney's fees and costs" by the new deadline "will be taken as representation that Plaintiff is not requesting fees and costs." Valdez's attorney then sought a one-day extension. The district court granted the extension. The next day, Valdez's attorney requested yet another one-day extension. The district court granted that extension too. "[W]ith great

---

[1] Insofar as this appeal relates to that portion of the settlement agreement, it is moot. *See, e.g.*, *In re Commonwealth Oil Ref. Co.*, 805 F.2d 1175, 1181 (5th Cir. 1986) ("If a dispute has been settled or resolved, . . . it is considered moot." (quoting *In re S.L.E., Inc.*, 674 F.2d 359, 364 (5th Cir. 1982))).

trepidation," Valdez's attorney requested a final, seven-day extension. Once again, the district court granted the extension, and warned him that any additional "unfounded motions for extension may prompt sanctions." This deadline, too, came and went without the filing of a motion for attorney's fees. Over a month elapsed between the court's November order and the final deadline.

Because Valdez's attorney never filed a motion for attorney's fees, the district court dismissed the case. The court's brief order notes its approval of the settlement as to plaintiffs, the "several extensions" of time it gave Valdez's attorney to seek court approval of attorney's fees, and that "no further filings have been made in this case." The court also noted that "[b]oth parties stipulated to the dismissal of this case upon approval of the proposed settlement." Accordingly, the court dismissed the case. Valdez appealed.

## II.

On appeal, Valdez contends that the district court erred by concluding that this case falls outside the exception, articulated in *Martin*, to the general requirement that FLSA settlements be court approved. Because this case comes within the *Martin* exception, Valdez contends, the district court also erred by asking him to submit a fee petition with additional information that would allow the district court to evaluate the reasonableness of the attorney's fees portion of the settlement agreement. Superior Energy's brief on appeal essentially agrees with Valdez's position. [2] Curiously, however, both parties ignore and fail to brief the actual reason why the district court denied

---

[2] Even if the district court erred in requiring its approval of the settlement, any error is rendered harmless by its actual approval. We do not discuss the merits of this action.

attorney's fees:  Valdez's repeated failure to comply with its order to seek court approval.

In most instances, failure to brief an issue on appeal means the issue is waived.  FED. R. APP. P. 28(a)(8)(A); *United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009).  To instruct these otherwise capable attorneys, however, we demonstrate the importance of complying with court orders, even if a party disagrees.

District courts are vested with an inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389 (1962). That power necessarily includes the authority to *sua sponte* dismiss an action for failure to comply with any court order.  *See, e.g.*, *In re Taxotere (Docetaxel) Products Liab. Lit.*, 966 F.3d 351, 357 (5th Cir. 2020) (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995)); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This court reviews an order dismissing a case for failure to comply with a court order for abuse of discretion. *McCullough*, 835 F.3d at 1127.

We cannot conclude that the court abused its discretion by dismissing the case without approving the attorney's fees portion of the settlement agreement.  This court's *In re Deepwater Horizon*, 922 F.3d 660 (5th Cir. 2019), decision is instructive.  In that case, a district court ordered all plaintiffs in a particular pleading bundle to submit certain documents. *Id.* at 665.  After the district court granted extra time to comply with the pretrial order and warned that non-compliance would result in dismissal, some plaintiffs inexplicably failed to comply.  *Id.* at 666.  The district court dismissed those plaintiffs' claims with prejudice.  *Id.* at 665.  This court affirmed, reasoning that "the record clearly shows contumacious conduct under our precedents, justifying dismissal-with-prejudice." *Id.* at 666.

No. 20-40182

Here, on at least two occasions, the district court ordered Valdez's attorney to file a separate motion seeking attorney's fees and costs under Rule 54(d). In one order, the district court warned Valdez's attorney that "[f]ailure to file a motion for attorney's fees and costs by [the deadline] will be taken as representation that Plaintiff is not requesting attorney's fees and costs." Nevertheless, Valdez's attorney never filed such a motion, even after the district court repeatedly granted extensions to allow Valdez's attorney more time to do so. Even if the district court erroneously concluded that it needed to approve the settlement in all respects before dismissing the case, that error would not give Valdez's attorney license to ignore the order. *Cf. Willy v. Coastal Corp.*, 503 U.S. 131, 139, 112 S. Ct. 1076, 1081 (1992) (holding that district court had authority to issue Rule 11 sanctions for conduct in case ultimately dismissed for lack of subject matter jurisdiction). Thus, the district court acted well within its discretion when it dismissed this case without approving the attorney's fees portion of the settlement agreement.

For the forgoing reasons, the district court's judgment is AFFIRMED.